IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| 1st FRANKLIN FINANCIAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> KATHY K. and ALTON J. WILLIAMS, <br><br> Defendants. | Case No. 2:05cv772-B |

## COMPLAINT

Plaintiff 1st Franklin Financial Corporation files this Complaint against the Defendants seeking this Honorable Court to enforce the pre-dispute arbitration agreement entered into by the partes.

## PARTIES

1. 1st Franklin Financial Corporation is a Georgia corporation authorized and doing business in the State of Alabama by agent. 1st Franklin has a branch office in Alexander City, Coosa County, Alabama.

2. Defendants Kathy and Alton Williams are adult resident citizens of Coosa County, Alabama.

3. Plaintiff 1st Franklin Financial Corporation is engaged in the business of making consumer loans.

4. Defendants came to the Alexander branch office of 1st Franklin Financial Corporation and requested a consumer loan. That Loan Agreement was entered into by 1st Franklin, and as part of the Loan Agreement, Plaintiff and Defendants entered into a

pre-dispute arbitration agreement. The Loan Agreement and the Alternative Dispute Resolution Agreement (hereafter "Arbitration Agreement") are attached as Exhibits A and B, respectively.

5. At the same time, Defendants signed a Federal Disclosure Statement and a Notice relating to credit insurance purchases. These documents are attached as Exhibits C and D, respectively.

6. On April 23, 2002, 1st Franklin Financial Corporation filed an action in the District Court of Coosa County, Alabama, against the Defendants pursuant to the Loan Agreement and the Arbitration Agreement. Paragraph (3) of the Arbitration Agreement states in essence that neither party was required to arbitrate any claim or controversy of an amount less than $15,000, so that either party might file suit in an appropriate Court of competent jurisdiction to enforce their legal rights and remedies. The Arbitration Agreement further provides that if an amount in controversy later exceeded $15,000, then either party could require the other party to arbitrate the entire controversy.

7. After a consent judgment was entered, Plaintiff 1st Franklin garnished the Defendants' employers in an effort to satisfy its judgment. Under Alabama law, a party may garnish a judgment debtor's wages in the amount of the judgment. Payments received from the garnishee are applied first to interest, and then to principal. *See* Alabama Code Sections 8-8-10 and 8-8-11, which expressly so state. The first garnishment was paid out in the spring of 2004. The garnishee paid in small amounts over an extended period so that, by the conclusion of the garnishment, the principal sum of $2,454.30 was still owed on the original judgment. A second garnishment was filed against Defendants'

employer for that amount. After various objections, the garnishment was satisfied in full and the judgment was satisfied on October 21, 2004. The case remained open, however, because the Defendants had filed a contest of the garnishment alleging that the garnishment was improper. The District Court denied the notice of contest, and the Defendants appealed the case to the Circuit Court of Coosa County, Alabama, where the case remains pending.

8. On July 8, 2005, the Defendants filed a counterclaim alleging wrongful garnishment and abuse of process of garnishment and seeking $75,000 for each Defendant, for the express purpose of avoiding Federal Court diversity jurisdiction. *See* the Counterclaim attached hereto as Exhibit E.

9. On August 10, 2005, Plaintiff 1st Franklin mailed to the Circuit Court and to the Defendants, an answer to the counterclaim and a motion to enforce arbitration.

10. The Federal Arbitration Act, 9 U.S.C. § 4, provides that any party may file an action in the United States District Court requesting the United States District Court to enforce the terms of a binding pre-dispute arbitration agreement. This creates federal question jurisdiction upon the filing of the action to enforce an arbitration agreement, and 1st Franklin hereby relies upon the Federal Court's federal question jurisdiction by virtue of 9 U.S.C. § 4, and requests this Honorable Court to enforce the terms and conditions of the pre-dispute arbitration agreement.

11. Attached hereto as Exhibit F is an Affidavit of 1st Franklin's Vice President of Audit and Compliance. The five page Affidavit alleges many different facts which

demonstrate that the contractual relationship between the parties is based upon activities clearly affecting interstate commerce.

12. Pursuant to the terms of the pre-dispute arbitration agreement, it is appropriate for this Court to enter an order declaring that the parties are required to arbitrate any and all claims arising from the contract at issue in this case. The arbitration agreement specifically provides at paragraph (1) that the following controversies are to be arbitrated:

> "(1) **Agreement to arbitrate.** You and we agree that any and all disputes, claims, or controversies of any kind and nature between us arising out of or relating to the relationship between us will be resolved through mandatory, binding arbitration. This agreement to arbitrate covers claims that (a) arise out of or relate to this Agreement or the Loan Agreement; (b) arise out of or relate to any past transactions or dealings between us; (c) arise out of or relate to any future transactions or dealings between us; and (d) disputes about whether any claims, controversies, or disputes between us are subject to arbitration. Because you and we have agreed to arbitration, **both of us are waiving our rights to have disputes resolved in court by a judge or jury.**"

13. Inasmuch as the Defendants have failed and refused to arbitrate their claims against 1st Franklin, 1st Franklin requests this Court to enforce the terms of the arbitration agreement.

14. The Defendants have stated two claims against 1st Franklin Financial Corporation, both challenging the propriety of the garnishment which sought to enforce the consent judgment for an amount less than $15,000.

15. The terms of the arbitration agreement as quoted above clearly require arbitration of all controversies between Defendants and 1st Franklin Financial Corporation, its officers, employees, and agents. Accordingly, all of Defendants' claims against 1st

Franklin must be arbitrated upon motion of 1st Franklin, and 1st Franklin hereby asks this Honorable Court to enter an order compelling arbitration of all of Defendants' claims.

**WHEREFORE,** for good cause shown, Plaintiff 1st Franklin moves this Honorable Court (1) to enter an order declaring that the Alternative Dispute Resolution Agreement of the parties is binding and enforceable; (2) to order Defendants to arbitrate their claims or controversies against 1st Franklin; (3) to enter an order staying the State Court litigation (Coosa County Circuit Court Case No. CV-04-60); and (4) to award such other, further, and different relief to which Plaintiff may be entitled.

/s/ C E Vercelli
CHARLES E. VERCELLI, JR. (VER003)

**OF COUNSEL:**
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
TEL:  334-834-8805
FAX:  334-834-8807


Service by Certified Mail upon Defendants is requested as follows:

Kathy K. Williams
P. O. Box 705
Goodwater, AL 35072-0705

and

Alton J. Williams
P. O. Box 705
Goodwater, AL 35072-0705

311-02\Complaint.1.wpd