IN THE CIRCUIT COURT OF COOSA COUNTY, ALABAMA

FIRST FRANKLIN FINANCIAL CORP.,

    Plaintiff/Appellee/Counter-Defendant,

vs.                                CIVIL ACTION NO. CV-04-60

ALTON J. WILLIAMS AND KATHY WILLIAMS,

    Defendants/Appellants/Counter-Plaintiffs,

## DEFENDANTS'/APPELLANTS' COUNTERCLAIM

COME NOW the Appellants/Defendants in this cause (hereinafter designated as "Counter-Plaintiffs") and files this their cause of action against the Plaintiff/Appellee First Franklin Financial Corp. (hereinafter designated as "Counter-Defendant").

## FACTUAL ALLEGATIONS

1. Counter-Plaintiffs are residents of the State of Alabama residing in Coosa County.

2. Counter-Defendant, in the District Court of Coosa County, filed a suit against the Counter-Plaintiffs for money damages and recovered a judgment upon which Counter-Defendants caused a Garnishment Writ to be issued.

3. On June 6, 2002, this Honorable Court entered a judgment for Plaintiff, in the amount of $8,227.58, plus costs of $194.00, against Defendant Alton J. Williams.

4. A Garnishment was issued on the judgment to Madix, Defendant's employer, on November 15, 2002, and thereafter Madix deducted, from Defendant's paycheck, and paid into the Court the amount of $8,479.99 in full payment of the Judgment. A copy of the payments made to the Clerk of the Court is attached as Exhibit A and made a part hereof. Madix was thereafter garnished on the same identical judgment and is the same employer of the Defendant.

5. The judgment and costs were paid in full to Plaintiff under the District Court's Order of Condemnation, by the Clerk of the Court to the Plaintiff. Attached, for the Court's convenience, is this Honorable Court's Order of June 18, 2004 as Exhibit A.

6. Counter-Plaintiffs aver said Garnishment Writ was paid into the Coosa County Clerk's Office. Funds were condemned as required by statute. Thereafter, the condemned funds were subsequently disbursed to the Counter-Defendant.

Exhibit E

7. The Code of Alabama 1975 §6-6-453(a) provides, among other things, a payment of all sums garnished has the effect of discharging <u>all interest accruing</u> on a judgment if the Garnishee pays the entire judgment amount into Court. The precise wording is quoted from §6-6-453(a) as follows: "Such payment has the effect to discharge the garnishee from liability for the amount so paid <u>*and interest subsequently accruing thereon*</u> (emphasis added), but does not prevent the interposition and trial of collateral issues as provided in Division 6 of this article."

8. Code §6-6-453 provides that upon payment of the funds paid into Court all interest subsequently accruing thereon are discharged. Counter-Plaintiff's position is that upon condeming the money paid into Court and accepting the money paid into Court, the Counter-Defendant effectively discharged any claims for interest.

9. The case of *Birmingham Pain Center v. David W. Cosgrove*, Ct. of Civ. App. of Ala. (June 25, 2004), LEXSEE 2004, Ala. Civ. App., LEXIS 491, articulates the existing status of the law in that regard and supports Counter-Plaintiff's position that, in fact, no further interest amounts are due on that judgment.

10. The Garnishment, Exhibit B, affirmatively reflects a credit of $9,730.01. A reading of the Affidavit and Request for Process of Garnishment to Issue filed by Counter-Defendnat clearly demonstrates it does not comply with the requirements of the statute.

11. The disbursement of said funds effectively discharged any interest pursuant to the laws and statutes of the State of Alabama.

12. Subsequent to the appeal the Counter-Plaintiffs filed in this Honorable Court, Counter-Plaintiffs pointed out the deficiencies in the second Granishment Writ issued against Counter-Plaintiffs.

13. Counter-Defendant has collected substantial sums unlawfully and illegally causing great personal, physical and emotional harm. Counter-Defendant has also caused damage to Counter-Plaintiffs by issuing and causing wrongful garnishments, in turn unlawfully collecting monies.

## COUNT ONE
## WRONGFUL GARNISHMENT

14. Counter-Plaintiffs adopt the averments and allegations of paragraphs 1 through 13 hereinbefore as if fully set forth herein.

15. Counter-Plaintiffs aver Counter-Defendant issued a wrongful granishment against Counter-Plaintiffs.

## COUNT TWO
## WRONGFUL GARNISHMENT BY ABUSE OF PROCESS

16. Counter-Plaintiffs adopt the averments and allegations of paragraphs 1 through 15 hereinbefore as if fully set forth herein.

17. Counter-Plaintiffs aver Counter-Defendant caused a wrongful garnishment to be issued that failed, in all respects, to comply with the strict and absolute requirements of the garnishment statute, Title § 6-6-391 because Counter-Defendant failed to state the amount due from Counter-Plaintiffs. See Exhibit B.

18. Counter-Defendant was put on notice of the defective flaws in Counter-Plaintiff's garnishment. A copy of that notice is attached as Exhibit A for the Court's convenience. Exhibit A is a letter dated August 5, 2004, with attachments. Notwithstanding the notice, Counter-Defendant continued to extract and collect money from Counter-Plaintiffs.

19. Counter-Defendant, in fact, created a new loan and additional indebtedness in the amount of $3,698.73. Counter-Defendant collected that same indebtedness unlawfully and illegally by the Garnishment Writ wrongfully and unlawfully issued. Attached as Exhibit C is an actual statement reflecting a new loan created unilaterally and cavalierly against the Counter-Plaintiffs by the Counter-Defendant.

20. The new loan reflected in Exhibit C contains statement account number 70627092. The Complaint filed in the original case with the contract attached, dated April 26, 2002, and the judgment rendered has the exact and precise same account number.

21. The Garnishment Writ that was issued on June 18, 204 was a garnishment to collect on the new account that was unilaterally created as stated and is thus further wrongfully issued.

## RELIEF REQUESTED

**WHEREFORE, PREMISES CONSIDERED,** the approximate consequence of the foregoing is Counter-Plaintiffs were caused to suffer damages. Each Counter-Plaintiff, separately and severally, claims damages in such an amount as a jury deems just and proper. At this juncture each Counter-Plaintiff claims only the total amount of $75,000, and not in excess of that amount, for the sole unlimited purpose of avoiding federal court jurisdiction. Counter-Plaintiffs are entitled to, and reserves, the right in the future to make amendments, increase the amount of the suit as Counter-Plaintiffs may deem appropriate. But, at this juncture as stated, the Counter-Plaintiffs specifically reduct. for the purpose of these pleadings and not for the purpose of these pleadings, their claim each to $75,000.

Respectfully Submitted,

_____
JERRY O. LORANT
ATTORNEY FOR COUNTER-PLAINTIFFS

**OF COUNSEL:**
401 Office Park Drive
Birmingham, AL 35223
(205) 871-7551

**COUNTER-PLAINTIFFS DEMAND A TRIAL BY JURY**

_____
JERRY O. LORANT
ATTORNEY FOR COUNTER-PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon counsel by mailing a copy of same by U. S. Mail, postage prepaid and properly addressed on the ___ day of July, 2005, as follows:

Richard C. Dean, Jr., Esq.
P.O. Box 1028
Montgomery, Alabama 36101

_____
ATTORNEY FOR COUNTER-PLAINTIFFS