IN THE DISTRICT COURT OF COOSA COUNTY, ALABAMA    CASE NUMBER: DV-2002-14

PROCESS OF GARNISHMENT

**NAME OF PLAINTIFF:**
1st Franklin Financial Corp.

**NAME AND ADDRESS OF DEFENDANT:**
Alton J. Williams   SSN: 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
P.O. Box 705
Goodwater, AL 35072-0705

DATE OF JUDGMENT: June 4, 2002
JUDGMENT AMOUNT: $ 8227.58
COSTS: $ 258.00
LESS CREDIT: $ 9730.01
OTHER: $ 3698.73
TOTAL: $ 2454.30

**FILED**
JUN 0 6 2004
J. A. WOOD
CLERK OF DIS. & CIR. COURTS

**NAME AND ADDRESS OF ATTORNEY FOR PLAINTIFF:**
Richard C. Dean, Jr.
P.O. Box 1028
Montgomery, AL 36101-1028

**NAME AND ADDRESS OF GARNISHEE:**
Madix, Inc. Highway 9
c/o Walter S. Dowdle
Goodwater, AL 35072 ATTN:

**AFFIDAVIT**

A. I make oath that I have obtained the above judgment and believe the named Garnishee is or will be indebted to the named Defendant or has or will have effects of the Defendant under the Garnishee's control. I believe that a Process of Garnishment against the Garnishee is necessary to obtain satisfaction of the judgment. I further make oath that the amount to be withheld must be:

__X__ 25% of disposable earnings for the week OR the amount by which disposable earnings for the week exceed 30 times the federal minimum hourly wage in effect at the time the earnings are payable. WHICHEVER IS LESS.

_____ 20% of disposable earnings for the week OR the amount by which disposable earnings for the week exceed 50 times the federal minimum hourly wage in effect at the time the earnings are payable. WHICHEVER IS LESS, which amount is in compliance with the instruction on the reverse side of this form.

C. I hereby request disbursement of amounts periodically paid into court pursuant to this garnishment.

Sworn to and subscribed before me this June 3, 2004.

_____        _____
Notary Public (Signature)               Affiant/Attorney (Signature)

**WRIT OF GARNISHMENT**

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA: You are hereby commanded to serve Process of Garnishment on the GARNISHEE, Madix, Inc., and a copy on the Defendant, Alton J. Williams, and make proper return to this Court.

NOTICE TO DEFENDANT: READ THE IMPORTANT INFORMATION ON THE BACK OF THIS FORM (Regarding Your Rights).
NOTICE TO GARNISHEE: YOU ARE THE GARNISHEE IN THE ABOVE ACTION.

You must complete and file the enclosed Answer form within thirty (30) days from service of process. If you fail to file an Answer, the Plaintiff can proceed for judgment against you for the amount of the claim, plus costs. Mailing the Notarized Answer Form to the Clerk of the Court at the address below constitutes making a proper appearance in the Court.

YOU MUST ANSWER: (1) whether you are or were indebted to the Defendant at the time you received this process, or when you make your answer, or during the intervening time, or (2) whether you will be indebted to the Defendant in the future by existing contract, or (3) whether by existing contract you are liable to the Defendant for the delivery of personal property or for the payment of money, or (4) whether you have in your possession or control, money or effects belonging to the Defendant. You are commanded to retain the amount indicated above of wages, salary or other compensation due or which will become due to the Defendant from such period of time as is necessary to accumulate the sum of $2454.30 (judgment and costs).

You are required, after a period of 30 days from the first retention of any sum from the Defendant's wages, salary, or other compensation, to begin paying the moneys withheld into court as they are deducted or withheld and continue to do so on a monthly or more frequent basis until the full amount is withheld.

If employment of the Defendant is terminated BEFORE the sum is accumulated, you are requested by law to report the termination and pay into court within 15 days AFTER termination, all sums withheld in compliance with this garnishment. (See Reverse Side for Instructions on Garnishments). If you have in your possession or control property or money belonging to the Defendant, which is NOT wages, salary or other compensation, you are further commanded to hold the property or money subject to orders of this Court.

Date Issued: 6-17-04    _Jeffrey A Wood_   By: _QG_
                        Clerk/Register              Deputy

This Process was executed by serving a copy on (Garnishee) _____ on (Date) _____
_____. Service on (Defendant) _____ on (Date) _____
Served by: _____ Title: _____

This communication is from a debt collector and is an attempt to collect a debt. Any information gained pursuant to this communication will be used for the purpose of collecting the debt which forms the basis of this communication.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

Exhibit B

| Form C-21 (back) Rev. 2/93 | PROCESS OF GARNISHMENT |
|---|---|

### Instructions For Determining the Percentage of Wages, Salary or Other Compensation to be Withheld

I. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM SITUATIONS OTHER THAN CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: §6-10-7, Code of Alabama 1975, and Title 15, §1673, United States Code ("U.S.C.") Under Alabama and federal law, the amount subject to garnishment to collect such judgments shall not exceed the LESSER of:
  (1) twenty-five (25) percent of "disposable earnings" for the week  OR
  (2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.

II. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: §5-19-15, Code of Alabama 1975, as amended by Act 88-294, effective April 12, 1988.
  A. Under this law, if the debt or demand was created ON OR AFTER April 12, 1988, the amount subject to garnishment shall not exceed the LESSER of:
    (1) twenty-five (25) percent of "disposable earnings" for the week OR
    (2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.
  B. If the debt or demand was created BEFORE April 12, 1988, the amount subject to garnishment shall not exceed the LESSER of:
    (1) twenty (20) percent of "disposable earnings" for the week  OR
    (2) the amount by which "disposable earnings" for the week exceed fifty (50) times the federal minimum hourly wage in effect at the time the earnings are payable.

DISPOSABLE EARNINGS DEFINED: An employee's "disposable earnings" means that part of earnings of an individual remaining after deduction of amounts required by law to be withheld such as Federal Income Tax, Federal Social Security Tax, and State and Local Taxes.

### NOTICE TO GARNISHEE

Note: If you have in your possession or control property or money belonging to the Defendant (which is not wages, salary or other compensation), you should hold the property or money subject to the orders of the Court. The formula outlined below only applies if the property sought to be garnished is wages, salary or other compensation of the Defendant.

(Use the following formula to calculate a garnishment of wages, salary or other compensation)
  (1) Calculate "disposable earnings" for the week (see definition of "disposable earnings" above).
  (2) If the twenty-five (25) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty-five (25) percent. Multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by thirty (30).
     OR
  (3) If the twenty (20) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty (20) percent. Multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by fifty (50).
  (4) After the calculation is made in accordance with (2) or (3) above (whichever is applicable), the amount of the garnishment for the week is the LESSER amount. Withhold this amount and pay it into Court as instructed in the "Writ of Garnishment" on the front of this form.
  (5) THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE YOU SHOULD CONSULT A LAWYER FOR ADVICE.

PROTECTION AGAINST DISCHARGE: Title 15, §1674, U.S.C., prohibits an employer from discharging any employee because his or her earnings have been subjected to garnishment for any one indebtedness.

### NOTICE TO DEFENDANT OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT

A process of garnishment has been delivered to you. This means that a court may order your wages, money in a bank, sums owed to you, or other property belonging to you, to be paid into court to satisfy a judgment against you.

Laws of the State of Alabama and of the United States provide that in some circumstances certain money and property may not be taken to pay certain types of court judgments, because certain money or property may be "exempt" from garnishment. For example, under state law, in some circumstances, up to $3,000.00 in wages, personal property, including money, bank accounts, automobiles, appliances, etc., may be exempt from process of garnishment. Similarly, under federal law, certain benefits and certain welfare payments may be exempt from garnishment. Benefits and payments ordinarily exempt from garnishment include, for example, social security payments, SSI payments, veteran's benefits, AFDC (welfare) payments, unemployment compensation payments and workmen's compensation payments.

THESE EXAMPLES ARE FOR PURPOSES OF ILLUSTRATION ONLY. WHETHER YOU WILL BE ENTITLED TO CLAIM ANY EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WHAT PROPERTY MAY BE EXEMPT, WILL BE DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE. IF YOU ARE UNCERTAIN AS TO YOUR POSSIBLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

TO CLAIM ANY EXEMPTION THAT MAY BE AVAILABLE TO YOU, YOU MUST PREPARE A "CLAIM OF EXEMPTION" FORM LISTING ON IT ALL YOUR WAGES AND PERSONAL PROPERTY; HAVE THE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE. ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A COPY OF THE CLAIM OF EXEMPTION TO THE PLAINTIFF WHO HAS A JUDGMENT AGAINST YOU. YOU MUST INDICATE ON THE CLAIM OF EXEMPTION THAT YOU FILE IN THE CLERK'S OFFICE WHETHER YOU MAILED OR DELIVERED THE COPY TO THE PLAINTIFF AND THE DATE ON WHICH YOU MAILED OR DELIVERED IT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE, YOU SHOULD SEE A LAWYER.

If you file a claim of exemption, the Plaintiff will have approximately ten (10) days to file a "contest" of your claim of exemption. If a contest is filed, a Court hearing will be scheduled and you will be notified of the time and place of the hearing. If the Plaintiff does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your property may be turned over to the court and paid to the Plaintiff on the judgment against you.

TO PROTECT YOUR RIGHTS, IT IS IMPORTANT THAT YOU ACT PROMPTLY. IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT A LAWYER.

### NOTICE TO PLAINTIFF OF RIGHT TO CONTEST CLAIM OF EXEMPTION OF DEFENDANT

If a "Claim of Exemption" is filed in the Clerk's office and mailed or delivered to you by the Defendant, you have approximately ten (10) days to file a "Contest" to the Claim of Exemption with the Clerk of the Court.

If a Contest is timely filed, a court hearing will be scheduled within seven (7) calendar days (or on the next business day thereafter if the court is not open on the seventh day). You and the Defendant will be notified of the time and place of the hearing.

If you fail to make timely Contest of the Claim of Exemption, after fifteen (15) calendar days from the filing of such claim by the Defendant, the Process of Garnishment and any writ of garnishment issued therein shall be dismissed or, where appropriate, modified to the extent necessary to give effect to the claimed exemptions.

IF YOU ARE UNCERTAIN AS TO HOW TO FILE A CONTEST TO THE CLAIM OF EXEMPTION, YOU SHOULD CONSULT A LAWYER FOR ADVICE. THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE.

FILED
JUN 08 2004

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com



P O BOX 985
ALEXANDER CITY, AL  35011-0985

| | | | |
|---|---|---|---|
| Statement Date | 06/25/04 | 3698  1392D  WILL | |
| Next Payment Due Date | 07/13/04 | | |
| Total Payment Due | 262.00 | 1ST FRANKLIN FINANCIAL | |
| Account Number | 70627092 | P O BOX 985 | |
| Standard Payment | 262.00 | ALEXANDER CITY, AL  35011-0985 | |

000080

Please return this portion with your remittance

MRS KATHY K WILLIAMS                    021
PO BOX 705
GOODWATER, AL  35072-0705

☐ Check here if your address has changed. Record new address on the back.


**Get The Extra Green You Need For Spring**

Give us a call or stop by our office and let us help you
with your financial needs.

our hours are.

        Monday, Tuesday, Thursday, Friday
              8*30 am - 5*30 pm
                  Wednesday
              8*30 am - 1*30 pm

All loans subject to our liberal credit policy and
limitations, if any.


---

**1ST FRANKLIN FINANCIAL**
42 BROAD STREET
ALEXANDER CITY, AL  35010-2670
Phone No. 256-234-2838

3698

| | |
|---|---|
| Statement Date | 06/25/04 |
| Regular Payment Amount | 262.00 |
| Previous Balance | 3460.98 |
| Account Number | 70627092 |

Payments made after date of this statement will be shown on next statement.

| Trans. Code* | Date | Amount | Charges or Interest | Principal | Unpaid Balance |
|---|---|---|---|---|---|

INT PD TO DATE  04/05/04

Exhibit C

*See other side for list of Transaction Codes.

| Next Payment Due Date | Unpaid Amount of Regular Payment | Delinquent Amount Due | Interest and/or Late Charge Due | Total Amount Due on Next Payment Due Date |
|---|---|---|---|---|
| 07/13/04 | 262.00 | | | 262.00 |

**THERE WILL BE A CHARGE FOR RETURNED CHECKS**

7080 C98