IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| 1st FRANKLIN FINANCIAL CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) KATHY K. and ALTON J. WILLIAMS, ) ) Defendants. ) | Case No. 2:05-CV-00772-WKW (WO) |

### 1ST FRANKLIN FINANCIAL CORPORATION'S RULE 60(b) MOTION TO VACATE OR SET ASIDE FINAL JUDGMENT

Plaintiff 1st Franklin Financial Corporation moves this Honorable Court to set aside its "Final Judgment" dated March 9, 2006. As grounds for this Motion, 1st Franklin says:

1. Plaintiff filed suit to enforce an arbitration agreement.

2. Defendants never answered in this case, but were represented by counsel, Mr. Jerry O. Lorant of Birmingham, Alabama.

3. The parties settled their dispute and the attorney for the Plaintiff, the undersigned, filed a "Stipulation of Dismissal" on March 3, 2006. The undersigned, alone, filed the document because (1) the Defendants had not appeared or answered, and (2) probably through oversight, the Defendants' attorney simply forgot to file the "Joint Stipulation of Dismissal" that the undersigned sent to him.

4. There was a related proceeding in the Circuit Court of Coosa County, Alabama, case no. CV-04-60, which was settled at the same time.

5. One of the terms of the settlement, which is confidential, is that the underlying lawsuit be dismissed with prejudice with each party to bear its own costs.

6. Based upon the foregoing, and the Stipulation of Dismissal filed by the undersigned on March 3, 2006, this Honorable Court properly entered an "Order" dated March 9, 2006, stating, in its entirety:

> "The parties filed a Stipulation of Dismissal (Doc. #5) that the instant case is due to be dismissed with prejudice. Pursuant to Federal Rule of Civil

Procedure 41(a)(1), it is hereby ORDERED that this civil action is DISMISSED with prejudice.

An appropriate judgment will be entered."

7. This Order is correct and should have disposed of this matter without any further orders or judgments. However, the Court then entered the "Final Judgment" dated March 9, 2006, stating, in part:

"In accordance with the prior proceedings, opinions, and orders of the Court, it is the ORDER, JUDGMENT, and DECREE of the Court that:

1. Judgment is entered in favor of the defendants and against the Plaintiff."

8. It is apparent that the Court, through neglect, error, or oversight, entered a JUDGMENT against the Plaintiff when only a dismissal with prejudice should have been ordered (as indeed it was). With respect, Plaintiff believes this was simply an unintentional error by the Court.

9. The entry of a JUDGMENT against the Plaintiff is vastly different than the dismissal of a case with prejudice. In 18 years of practicing law and settling hundreds of cases, the undersigned does not recall a court ever entering JUDGMENT against a settling party. Moreover, this is an important distinction, as a judgment against the Plaintiff, a financial institution, actually triggers reporting requirements to various states' Banking and Insurance Departments.

10. Plaintiff settled the case to avoid further expense of litigation. Plaintiff never would have settled had it known that an actual "Judgment" contrary to the Plaintiff (which in this case simply sought enforcement of a predispute arbitration agreement) would be entered.

11. Federal Rule of Civil Procedure 60(b)(5) provides:

"(b) MISTAKES; INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE; FRAUD, ETC. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (5) the judgment has been

satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or . . . . "

12. Pursuant to Rules 60(b)(1) and (5), Plaintiff moves this Honorable Court to vacate its "Final Judgment" and to simply let stand the "Order" of March 9, 2006, or to enter a Final Judgment that simply dismisses the case with prejudice on the basis of the settlement of the parties' controversy.

13. If this Honorable Court is not inclined to grant this motion, then the Plaintiff respectfully requests an opportunity to file a brief in support of this Motion. For the time being, counsel shall not file a brief in order to avoid billing the costs thereof to the Plaintiff.

14. Although the Defendants' attorney never appeared or answered in this case, the undersigned will mail a copy of this motion to him on March 24, 2006.

**Wherefore,** for good cause shown, Plaintiff moves this Honorable Court to vacate or to set aside its "Final Judgment" of March 9, 2006, and for such other or different relief to which it is entitled.

Respectfully submitted this the 23rd day of March, 2006.

/s/ C.E. Vercelli, Jr.
**CHARLES E. VERCELLI, JR.** ASB-6085-V82C
Of Counsel for Plaintiff 1st Franklin Financial Corporation

**OF COUNSEL:**
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049
Tel:   (334) 834-8805
Fax:   (334) 834-8807
cvercelli@vercelli-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been e-filed with the Court on this the 23rd day of March, 2006, and that it will be served upon:

Jerry O. Lorant
401 Office Park Drive
Birmingham, AL 35223
(205) 871-7551

by placing a copy of the same in the United States mail, properly addressed and postage prepaid, on the 24th day of March, 2006.

                                          /s/ C.E. Vercelli, Jr.
                                          OF COUNSEL

464-05\M-vacate judgment.1.wpd